By the Court.
This is an action instituted by Hubbuch in the Common Pleas Court of Clark county seeking to recover damages against the city of Springfield, the Commissioners of Clark county ,and the Detroit, Toledo & Ironton Railroad Company. They will be alluded to as plaintiff and defendants in the order in which they stood in the trial court.
The defendants are charged with negligence in failing to maintain a certain bridge and approach thereto in safe condition. Issues are joined on the pleadings by separate answers of the defendants and by reply thereto. At the close of the plaintiff’s evidence and again at the close of the entire evidence, each of the defendants separately moved for a directed verdict. These motions were overruled by the trial court. The case was submitted to the jury, which returned a verdict in favor of the defendants on July 7, 1933. In connection with its general verdict, the jury answered special interrogatories submitted by the three defendants. These answers were consistent with the general verdict.
On July 8, 1933, plaintiff filed his motion for a new *414 trial, assigning various reasons therefor, one of which was that the verdict was against the weight of the evidence. While this motion was still undetermined by the trial court, the defendants, on April 1, 1935, filed a motion in the trial court asking for judgment in their favor because of the special findings of the jury and for the additional reason that the trial court should have sustained the motion of the defendants for a directed verdict at the close of the entire evidence. It appears from the record in the trial court that after the jury’s verdict nothing was done in the case until May 18, 1935, when the cause came on to be heard and was submitted upon the motion of the defendants for judgment in their favor for reasons stated in their motion of April 1, 1935, and also upon the motion of plaintiff for a new trial. The motion of the defendants was overruled; but the motion of the plaintiff for a new trial was sustained generally. Since one of the grounds of plaintiff’s motion was that the verdict was contrary to the weight of the evidence, it is evident that that was one of the grounds for the sustention of the motion.
On July 20, 1935, and within the seventy-day period after the last action of the court, defendants filed their petition in error in the Court of Appeals, one of the assigned errors being that the trial court should have sustained their motions for a directed verdict at the close of the entire evidence. On February 13, 1936, the appellate court dismissed thfe petition in error bj an entry holding “that it has no jurisdiction to heai this ease for the reason that the petition in error was not filed within the time prescribed by the statute.’; Thereafter certification of the cause was allowed hj this court.
The'legal questions presented in this case are similar to those decided in the Michigan-Ohio-Indiana Coal Assn. v. Nigh, Admx., ante, 405, this day decided. Both cases were decided by the same Court of *415 Appeals, and in its first opinion in' the instant case the court held as it did in the Nigh case, supra, that “if review of the action of the trial court in overruling a motion for directed verdict is desired, the petition in error must be filed within seventy days after the motion is overruled as provided by Section 12270 of the General Code.” That feature of the case has been fully covered by us in the Nigh case, supra, and was held to be error. Upon application for rehearing, the appellate court held in effect that, since the motion for judgment was not filed until April 1, 1935, and after the expiration of seventy days from the. return of the verdict, it was filed too late to become the basis of error proceedings.
For the purposes of this case, we may ignore entirely the motion filed by the defendants on April 1, 1935, for two reasons: (1) The defendants at the trial had already saved, as the bill of exceptions discloses, their legal question that they were entitled to an instructed verdict at the close of the entire evidence; and (2) since the defendants had obtained a general verdict as well as favorable answers to their interrogatories, they need not have filed a motion for judgment upon the interrogatories, for under Section 11420-18, General Code, that motion is available only to the party against whom an adverse verdict has been rendered.
This case and the Nigh case, supra, were together presented to this court, since the law applicable to one applies to the other. For the reasons given in the opinion and syllabus in the latter case, this judgment will be reversed and remanded to the Court of Appeals for consideration of the questions raised by the record.

Judgment reversed.

Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.